```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MARYANN COTTRELL and RICHARD
HOLLAND,

              Plaintiffs,          Civil No. 12-1986 (NLH/JS)
v.
                                   OPINION
KEYSHONNA NORMAN,

              Defendant.
_____
```

**APPEARANCES:**

Maryann Cottrell and Richard G. Holland
31 South Academy Street
Glassboro, New Jersey 08028

    *Pro Se Plaintiffs*

Stephen Guice
Law Offices of Stephen Guice, P.C.
413 Clements Bridge Road
Barrington, NJ 08007

    *Attorney for Defendant*

**HILLMAN, District Judge**

    Presently before the Court is Defendant Keyshonna Norman's Motion to Vacate Clerk's Entry of Default.  For the reasons that follow, the motion will be granted.

    I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    The full factual background of this case was recently set forth in Cottrell v. Norman, No. 12-1986, 2014 WL 3729215, at *1 (D.N.J. July 25, 2014).  In sum and substance, this case concerns events which took place on April 1, 2010 on the Rowan

1

University campus. On that date, Plaintiffs noticed Norman's car parked in a handicap parking space with an expired handicap placard. This led to a verbal altercation between Plaintiff Maryann Cottrell and Norman. Both parties filed criminal complaints against each other in municipal court but eventually all charges were withdrawn.

On April 2, 2012, Plaintiffs filed a complaint against Norman and various Rowan individuals. Both Norman and the Rowan Defendants filed motions to dismiss. See Doc. Nos. 41, 49. In light of Magistrate Judge Schneider's Order granting Plaintiffs' motion to amend on December 4, 2013 [Doc. No. 59], the Court denied the Defendants' motions to dismiss without prejudice. See Dec. 6, 2013 Order [Doc. No. 60]. Judge Schneider further ordered that all Defendants were required to respond to Plaintiffs' Second Amended Complaint by January 6, 2014.

On December 24, 2013, the Rowan Defendants filed a renewed motion to dismiss [Doc. No. 61] which was granted. See July 25, 2014 Op. and Order [Doc. Nos. 66, 67]. Norman did not renew her motion or otherwise respond to Plaintiffs' Second Amended Complaint. On April 20, 2015, Plaintiffs requested default judgment be entered against Norman for failing to respond to Plaintiffs' Second Amended Complaint by January 6, 2014 per Judge Schneider's Order. [Doc. No. 69]. The Clerk entered

default the following day.  On May 11, 2015, Norman filed the instant motion to set aside default judgment.

## II.   STANDARD OF REVIEW

Default judgment is governed by Federal Rule of Civil Procedure 55, which states, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  After default is entered pursuant to Rule 55(a) the plaintiff may seek the court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2). Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521, n.1 (3d Cir. 2006) (citing 10A Wright, Miller & Kane, Fed. Prac. & Proc. § 2682 at 13 (3d ed. 1998)). After default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Wright, Miller & Kane, Fed. Prac. & Proc. § 2688 at 444 (2d ed. 1983)).

Rule 55 of the Federal Civil Rules likewise provides the mechanism for setting aside the entry of default.  More specifically, Rule 55(c) provides as follows: "The court may set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  In determining whether good cause exists to set aside an

3

entry of default, the court should consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012) (citation omitted). Although district courts are urged to make explicit findings concerning all of these factors when considering a motion to vacate entry of default, the second factor is often considered to be the most important inquiry. Nat'l Specialty Ins. Co. v. Papa, No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (Bumb, J.) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)). To establish culpable conduct the defendant must have acted willfully or in bad faith. World Entm't Inc., 487 F. App'x at 761 (citing Hritz v. Woma Corp., 732 F.2d 1178, 1182-83 (3d Cir. 1984)). Moreover, as is the case with respect to a court's entry of default judgment, a clerk's entry of "'[d]efault is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits.'" CGB, 2001 WL 253745 at *4 (quoting 99 Cents Stores v. Dynamic Distrib., No. 97-3869, 1998 WL 24338 (E.D. Pa. Jan. 22, 1998)); see also Papa, 2012 WL 868944 at *2; $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

4

**III. DISCUSSION**

"Adjudication of a motion to set aside default is left to the discretion of the district court." Toy v. Hayman, No. 07-3076, 2008 WL 5046723, at *3 (D.N.J. Nov. 20, 2008) (citing Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002)). As indicated above, in reviewing such a motion, the Court must consider three factors prior to vacating an entry of default.

The first factor requires the Court to consider whether lifting the default would prejudice Plaintiffs. "Prejudice under this prong only accrues due to a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" Toy, 2008 WL 5046723 at *3 (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982) (internal quotation marks omitted). Plaintiffs argue that they would be prejudiced if default was vacated because they have not received any discovery from Norman and any potential evidence might be lost. See Pls.' Opp. Br. at 7 [Doc. No. 76]. However, Plaintiffs also admit that they have video of the incident, police reports, video documentation of Norman's expired temporary placard, a letter from the Woodbury police regarding Norman's temporary placard, and a copy of the charges filed against Cottrell. While Plaintiffs have cited the ample evidence they have produced and received they have not indicated what further discovery they will request from Norman

5

which is potentially lost.  As such, the Court is not persuaded that Plaintiffs will suffer prejudice in the form of potential lost evidence.  See Barnett v. New Jersey Transit Corp., No. 10-3872, 2011 WL 6130409, at *1 (D.N.J. Dec. 7, 2011) (rejecting plaintiff's conclusory argument that it will be prejudiced if default is vacated because the memories of potential witnesses will have faded given the amount of time that has passed since the relevant incident).  Further, Plaintiffs do not argue, and there is no evidence to suggest, that Plaintiffs have substantially relied on the default or that there is an increased likelihood of fraud.  Accordingly, the first factor weighs in favor of setting aside default.

The Court next considers whether Norman has raised a meritorious defense.  "A meritorious defense is one that, if established at trial, would constitute a complete defense to the action."  Id. at *4 (citing $55,518.05 in U.S. Currency, 728 F.2d at 195).  In order to satisfy this second factor, "[t]he defaulting party must [ ] set forth specific facts demonstrating the facial validity of the defense."  Id.

Here, Norman has sufficiently shown that she has a meritorious defense if the case proceeds to trial.  Plaintiffs allege three causes of action against Norman: a malicious prosecution claim and violations of the Americans with Disability Act, 42 U.S.C. § 12101, et seq., and the New Jersey

6

Law Against Discrimination, N.J.S.A. 10:5-12.  Norman argues that Plaintiffs' three claims fail to state a claim.

To state a claim for malicious prosecution a plaintiff must show: "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff."  Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 393-94 (2009).  Norman argues that Plaintiffs fail to plead each of the four elements because: (1) both parties filed criminal complaints; (2) the criminal action was not actuated by malice; (3) Norman had probable cause to seek criminal action; and (4) the criminal proceeding was not terminated in favor of Plaintiffs, but were withdrawn.

Further, Norman argues Plaintiffs' ADA and NJLAD claims must be dismissed because Plaintiffs lack standing to bring such claims as they are not disabled persons.  See July 25, 2014 Op. and Order [Doc. No. 66, 67] (finding Plaintiffs lack standing to bring ADA and NJLAD claims).  Therefore, Norman has raised a meritorious defense and thus the second factor weighs in favor of setting aside default.

Last, the Court considers whether the entry of default was the result of the Norman's culpable conduct.  Norman does not dispute that she failed to respond to Plaintiffs' Second Amended

Complaint in the time prescribed by Judge Schneider's Order. Norman does not clearly explain why she failed to respond to Plaintiffs' Second Amended Complaint (or refile her motion to dismiss) other than to say that she is "a young woman, recently out of college, who has since relocated to Maryland." Def.'s Br. at 20 [Doc. No. 71]. Plaintiffs argue that Norman has provided no explanation for the "intentional delay." Pls.' Br. at 6. However, the record does not indicate that Norman's actions, while negligent, rise to the level "flagrant bad faith." See Papa, 2012 WL 868944 at *4 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)). Further, the Third Circuit has stated its preference that cases be disposed of on the merits whenever practicable. Hritz, 732 F.2d at 1181. While there is nothing in the record to indicate "flagrant bad faith," Norman failed to comply with Judge Schneider's January 6, 2014 deadline. Thus, the third factor weighs neutrally.

    In summary, the factors weigh in favor of vacating the default judgment. Accordingly, Norman's Motion to Vacate the Clerk's Entry of Default will be granted.

Norman will have twenty-one days from the date of the entry of this Opinion and accompanying Order to file her responsive papers. In light of the Court's ruling, Plaintiffs' motion for default judgment [Doc. No. 76] is denied as moot.


Dated: October 1, 2015              s/ Noel L. Hillman
                                 NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey