UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MARYANN COTTRELL and RICHARD
HOLLAND,

                    Plaintiffs,         Civil No. 12-1986 (NLH/JS)

v.

                                       **OPINION**

KEYSHONNA NORMAN,

                    Defendant.
_____

**APPEARANCES:**

Maryann Cottrell and Richard G. Holland
31 South Academy Street
Glassboro, New Jersey 08028

     *Pro Se Plaintiffs*

Stephen Guice
Law Offices of Stephen Guice, P.C.
413 Clements Bridge Road
Barrington, NJ 08007

     *Attorney for Defendant*

**HILLMAN, District Judge**

Presently before the Court is Defendant Keyshonna Norman's Motion to Dismiss Plaintiffs' Second Amended Complaint. For the reasons that follow, Norman's motion will be granted and Plaintiffs' Second Amended Complaint will be dismissed in its entirety.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case concerns events which took place on April 1, 2010 on the Rowan University campus. On that date, Plaintiffs

Maryann Cottrell and Richard Holland[1] noticed Norman's car parked in a handicap parking space with an expired handicap placard. This led to a verbal altercation between Cottrell and Norman. Norman alleges that during this altercation Cottrell took the handicap placard from inside her car. Both parties filed criminal complaints against each other in municipal court but eventually all charges were withdrawn.

On April 2, 2012, Plaintiffs filed a complaint against Norman and various Rowan individuals. Both Norman and the Rowan Defendants filed motions to dismiss. [Doc. Nos. 41, 49.] In light of Magistrate Judge Schneider's Order granting Plaintiffs' motion to amend on December 4, 2013 [Doc. No. 59], the Court denied the Defendants' motions to dismiss without prejudice. (See Dec. 6, 2013 Order [Doc. No. 60].) Judge Schneider further ordered that all Defendants were required to respond to Plaintiffs' Second Amended Complaint by January 6, 2014.

On December 24, 2013, the Rowan Defendants filed a renewed motion to dismiss [Doc. No. 61] which was granted. (See July 25, 2014 Op. and Order [Doc. Nos. 66, 67].) Norman did not

---

[1] Plaintiff Maryann Cottrell is the mother of a severely disabled daughter, and she and Plaintiff Richard Holland share the responsibility of her care. Plaintiffs are advocates for the disabled, and they inform local authorities about businesses that fail to maintain handicap accessible parking and fail to discourage unauthorized use of handicapped parking spaces. Plaintiffs have filed numerous cases throughout this District against businesses for conduct they allege violates the ADA.

renew her motion or otherwise respond to Plaintiffs' Second
Amended Complaint.  On April 20, 2015, Plaintiffs requested
default judgment be entered against Norman for failing to
respond to Plaintiffs' Second Amended Complaint by January 6,
2014 per Judge Schneider's Order.  [Doc. No. 69].  The Clerk
entered default the following day.  On May 11, 2015, Norman
moved to set aside default judgment, which the Court granted.
(See Oct. 1, 2015 Op. and Order [Doc. Nos. 77, 78].)
Subsequently, Norman filed the instant motion to dismiss.

## II.   JURISDICTION

Plaintiffs have brought their claims under federal law, as
well as under New Jersey state law.  This Court has jurisdiction
over Plaintiffs' federal claims under 28 U.S.C. § 1331, and
supplemental jurisdiction over Plaintiffs' state law claims
under 28 U.S.C. § 1367.

## III. STANDARDS OF LAW

### A. FED. R. CIV. P. 12(b)(1)

Norman argues that Plaintiffs lack standing to bring
discrimination claims under the ADA and NJLAD.  Lack of standing
is a challenge to this Court's subject matter jurisdiction and,
therefore, is determined pursuant to Fed. R. Civ. P. 12(b)(1).
In re Schering Plough Corp. Intron/Temodar Consumer Class
Action, 678 F.3d 235, 243 (3d Cir. 2012) (citing Ballentine v.
United States, 486 F.3d 806, 810 (3d Cir. 2007)).

Rule 12(b)(1) motions are either facial or factual challenges. CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. Id. (citing United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).

In deciding a motion that attacks the complaint on its face, the court must accept the allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion attacks the facts supporting jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. The plaintiff has the burden to prove that jurisdiction does in fact exist. Id.

Here, Norman is making a facial attack that Plaintiffs lack standing to bring discrimination claims pursuant to the ADA and NJLAD. See In Re Schering Plough, 678 F.3d at 243. As such, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party" as it would in reviewing a complaint pursuant to a Rule 12(b)(6) motion. Id. ("In evaluating

4

whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim."). The three-step approach is used to evaluate whether a complaint satisfies this standard:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Id. (internal quotations omitted).

Thus, although lack of standing is a subject matter jurisdiction challenge under Rule 12(b)(1), the standard applied is the same applied under Rule 12(b)(6).

**B. FED. R. CIV. P. 12(b)(6)**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

As noted above in the discussion of the standard for a Rule 12(b)(1) motion mounting a facial attack based on standing, the

6

Third Circuit has outlined a three step approach in reviewing a complaint under Rule 12(b)(6).  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (citing Iqbal, 129 S.Ct. at 1947).  Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Finally, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.

_In re Burlington Coat Factory Sec. Litig._, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  _Hedges v. U.S._, 404 F.3d 744, 750 (3d Cir. 2005) (citing _Kehr Packages, Inc. v. Fidelcor, Inc._, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  _Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd._, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  _Pension Benefit Guar. Corp. v. White Consol. Indus., Inc._, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.  DISCUSSION[2]

---

[2] It is unclear to the Court whether Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 against Norman.  Norman, as a private citizen not acting under color of state law, is not a person subject to liability under § 1983.  _Dongon v. Banar_, 363 F. App'x 153, 156 (3d Cir. 2010) (citing _Will v. Mich. Dep't of State Police_, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  Accordingly, to the extent Plaintiffs assert a § 1983 claim against Norman, it is dismissed for failure to state a claim.  Further, to the extent Plaintiffs assert their federal constitutional claims under the Fourth and Fourteenth Amendment against Norman, those claims are dismissed for failing to state a claim for the same reasons articulated in the Court's prior Opinion.  _See_ _Cottrell v. Norman_, No. 12-1986, 2014 WL 3729215, at *7-10 (D.N.J. July 25, 2014).

Norman argues that Plaintiffs' second amended complaint must be dismissed in its entirety because: (1) Plaintiffs lack standing to assert a discrimination claim under the ADA and NJLAD; (2) Plaintiffs lack standing to assert a retaliation claim under the ADA and NJLAD; and (3) Plaintiffs fail to plead facts to support their retaliation or malicious prosecution claims.

As an initial matter, the Court has already determined in this case that Plaintiffs lack standing to bring claims for discrimination under the ADA and NJLAD because Plaintiffs are not disabled. Cottrell v. Norman, No. 12-1986, 2014 WL 3729215, at *5 (D.N.J. July 25, 2014) (citing 42 U.S.C. § 12182; N.J.S.A. 10:5-12(f)). According, Plaintiffs' discrimination claims under the ADA and NJLAD will be dismissed as to Norman, as well.

Next, the Court considers whether Plaintiffs have standing to assert a retaliation claim under the ADA and NJLAD and whether they have sufficiently stated a claim. The Third Circuit has not directly ruled on whether there may be individual liability for retaliation under the ADA. Courts in this district, however, have found no individual liability exists. P.N. v. Greco, 282 F. Supp. 2d 221, 243 (D.N.J. 2003) ("Plaintiffs' ADA retaliation claim against Greco is not viable because the ADA does not by itself provide for individual liability for retaliation."); Rich v. New Jersey, No. 14-2075,

9

2015 WL 2226029, at *15 (D.N.J. May 12, 2015) (same); Douris v. Schweiker, 229 F. Supp. 2d 391, 397 (E.D. Pa. 2002) aff'd sub nom. Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004) (the "consensus view among district courts in this circuit is that individual liability cannot be imposed under the ADA.") (citation omitted); c.f., Datto v. Harrison, 664 F.Supp.2d 472, 491–92 (E.D.Pa. 2009) (finding "individual liability may be imposed for retaliation claims under the ADA involving either public entities or public accommodations").

Even if Plaintiffs could assert a retaliation claim against an individual under the ADA, the only relief available would be prospective injunctive relief.  See, e.g., Cottrell v. Heritages Dairy Stores, Inc., No. 09-1743, 2010 WL 3908567, at *4 (D.N.J. Sept. 30, 2010) ("The only relief available to a plaintiff for a retaliation claim under the ADA is injunctive relief.") (citing 42 U.S.C. §§ 12203(c), 12188).  Therefore, to have standing for the purposes of obtaining prospective injunctive relief, Plaintiffs must "establish a real and immediate threat" that they will suffer a future injury.  Brown v. Fauver, 819 F.2d 395, 400 (E.D. Pa. 1987) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."  Lyons, 461 U.S. at 95-96 (citing

10

O'Shea v. Littleton, 414 U.S. 488, 195-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).  Plaintiffs have failed to make this showing.

Here, Plaintiffs allege no facts to suggest that they will ever come into contact with Norman again.  Accordingly, they have failed to establish a real and immediate threat that they will suffer a future injury.  Assuming Norman's conduct was illegal, past conduct "is insufficient to warrant injunctive relief unless it is accompanied by continuing, present adverse effects." Doe v. Nat'l Bd. of Med. Examiners, 210 F. App'x 157, 159-60 (3d Cir. 2006) (citation omitted).  Because Plaintiff cannot show cannot show a likelihood of a future injury, Plaintiffs lack standing to seek prospective injunctive relief. See also Nat'l Bd. of Med. Examiners, 210 F. App'x at 159-60 (affirming district court determination that plaintiff lacked standing to bring action for injunctive relief under the ADA where plaintiff could not show a likelihood of future injury).[3]

---

[3] In light of the Court's determination that Plaintiffs lack Article III standing on their ADA claim, the Court will decline to exercise jurisdiction over Plaintiffs' NJLAD claim under 28 U.S.C. § 1367.  Additionally, the Court need not evaluate whether Plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  See Danvers Motor Co., Inc. v. Ford Motor Co., 186 F. Supp. 2d 530, 538 (D.N.J. 2002) (citing ACLU-N.J. v. Township of Wall, 246 F.3d 258, 261 (3d Cir. 2001)) ("If Plaintiffs do not possess Article III standing, both the District Court and the Court of Appeals lack subject matter jurisdiction to address the merits of plaintiffs' case.").

Accordingly, Plaintiffs' ADA retaliation claim against Norman will be dismissed.

Lastly, the Court considers whether Plaintiffs have sufficiently pled their malicious prosecution claim. "In order to establish a claim for malicious prosecution, plaintiff must prove: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." Helmy v. City of Jersey City, 178 N.J. 183, 190, 836 A.2d 802, 806 (2003). Norman argues that Plaintiffs fail to plead each of the four elements because: (1) both parties filed criminal complaints; (2) the criminal action was not actuated by malice; (3) Norman had probable cause to file the criminal complaint against Cottrell; and (4) the criminal proceeding was not terminated in favor of Plaintiffs, but the charges were withdrawn.

The Court has already determined in this case that Plaintiffs have failed to allege facts that could show the absence of probable cause for Cottrell's disorderly conduct charge. Cottrell v. Norman, No. 12-1986, 2014 WL 3729215, at *8 (D.N.J. July 25, 2014). Accordingly, Plaintiffs have failed to plead a malicious prosecution claim.

**V. <u>CONCLUSION</u>**

For the reasons set forth above, Plaintiffs' Second Amended Complaint will be dismissed in its entirety.  An Order consistent with this Opinion will be entered.


Dated: February 9, 2016              <u>  s/ Noel L. Hillman  </u>
                                     NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey