```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
_____

MARYANN COTTRELL and RICHARD
HOLLAND,

                Plaintiffs,          Civil No. 12-1986 (NLH/JS)
v.
                                             OPINION
KEYSHONNA NORMAN,

                Defendant.
_____
```

**APPEARANCES:**

Maryann Cottrell and Richard G. Holland
31 South Academy Street
Glassboro, New Jersey 08028

    *Pro Se Plaintiffs*

Stephen Guice
Law Offices of Stephen Guice, P.C.
413 Clements Bridge Road
Barrington, NJ 08007

    *Attorney for Defendant Keyshonna Norman*

**HILLMAN, District Judge**

Presently before the Court is Defendant Keyshonna Norman's motion for attorneys' fees and sanctions [Doc. No. 88]. Plaintiffs Maryann Cottrell and Richard Holland filed a late opposition after multiple extensions of time. For the reasons that follow, Norman's motion will be denied.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As set forth in the Court's February 8, 2016 Opinion, this case concerns events which took place on April 1, 2010 on the

1

Rowan University campus.  On that date, Plaintiffs Maryann Cottrell and Richard Holland[1] noticed Norman's car parked in a handicap parking space with an expired handicap placard.  This led to a verbal altercation between Cottrell and Norman.  Norman alleges that during this altercation Cottrell took the handicap placard from inside her car.  Both parties filed criminal complaints against each other in municipal court but eventually all charges were withdrawn.

On April 2, 2012, Plaintiffs filed a complaint against Norman and various Rowan individuals.  Both Norman and the Rowan Defendants filed motions to dismiss.  [Doc. Nos. 41, 49.]  In light of Magistrate Judge Schneider's Order granting Plaintiffs' motion to amend on December 4, 2013 [Doc. No. 59], the Court denied Defendants' motions to dismiss without prejudice.  (See Dec. 6, 2013 Order [Doc. No. 60].)  Judge Schneider further ordered that all Defendants were required to respond to Plaintiffs' Second Amended Complaint by January 6, 2014.

---

[1] Plaintiff Maryann Cottrell is the mother of a severely disabled daughter, and she and Plaintiff Richard Holland share the responsibility of her care.  Plaintiffs inform local authorities about businesses that fail to maintain handicap accessible parking and fail to discourage unauthorized use of handicapped parking spaces. Plaintiffs have filed numerous cases throughout this district against businesses for conduct they allege violates the Americans with Disabilities Act ("ADA") and New Jersey Law Against Discrimination ("NJLAD").

On December 24, 2013, the Rowan Defendants filed a renewed motion to dismiss [Doc. No. 61], which was granted. (See July 25, 2014 Op. and Order [Doc. Nos. 66, 67].) Norman did not renew her motion or otherwise respond to Plaintiffs' Second Amended Complaint. On April 20, 2015, Plaintiffs requested default judgment be entered against Norman for failing to respond to Plaintiffs' Second Amended Complaint by January 6, 2014 per Judge Schneider's Order. [Doc. No. 69]. The Clerk entered default the following day. On May 11, 2015, Norman moved to set aside default judgment, which the Court granted. (See Oct. 1, 2015 Op. and Order [Doc. Nos. 77, 78].)

Subsequently, Norman filed a motion to dismiss and the Court granted the motion in its entirety and dismissed the case. First, the Court found that Plaintiffs lacked standing to assert a discrimination claim under the ADA and NJLAD because they are not disabled. Second, the Court found that although the Third Circuit has not directly ruled on whether there may be individual liability for retaliation under the ADA, courts in this district have found no such individual liability exists. Further, even if Plaintiffs could assert a retaliation claim against an individual under the ADA, the only relief available would be prospective injunctive relief. The Court found that Plaintiffs failed to establish "a real and immediate threat" that they would suffer a future injury because they alleged no

3

facts suggesting there would be future contact with Norman. Third, the Court found Plaintiffs insufficiently pled a malicious prosecution claim because it was already determined in this case that Plaintiffs failed to allege facts that could show the absence of probable cause for Norman's disorderly conduct complaint against Plaintiffs.  Cottrell v. Norman, No. 12-1986, 2014 WL 3729215, at *8 (D.N.J. July 25, 2014).

In the instant motion, Norman asserts that because this lawsuit was frivolously filed in bad faith and all claims have been resolved in her favor, Plaintiffs are subject to attorneys' fees and sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

## II.  JURISDICTION

Plaintiffs have brought their claims under federal law, as well as under New Jersey state law.  This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

## III. STANDARDS OF LAW

### A. Rule 11

Federal Rule of Civil Procedure 11 "imposes on any party who signs a document submitted to the court an affirmative duty to conduct a reasonable inquiry into the facts and law before filing."  Bradgate Assocs., Inc. v. Fellows, Read & Assocs.,

4

Inc., 999 F.2d 745, 751 (3d Cir. 1993) (citing Bus. Guides, Inc. v. Chromatic Communications Enter., 498 U.S. 533, 543 (1991)). The Rule is intended to discourage the filing of frivolous, unsupported, or unreasonable claims. Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986). Specifically, Rule 11 states that pleadings, motions, or other papers presented to the court must be signed by an attorney or unrepresented party certifying that the submission: (1) is not presented for any improper purpose such as to harass or increase the costs of litigation, and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(1), (2). Rule 11 sanctions are "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

### B. 28 U.S.C. § 1927

Tile 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of

5

such conduct."[2]  "The statute thus limits attorney sanctions imposed thereunder to those situations where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." LaSalle Nat. Bank v. First Conn. Holding Grp., LLC., 287 F.3d 279, 288 (3d Cir. 2002).  Sanctions may not be imposed based on misunderstanding, bad judgment, or well-intentioned zeal; rather, there must be evidence of bad faith.  Id. at 289.  "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." Great W. Min. & Mineral Co. v. ADR Options, Inc., 882 F. Supp. 2d 749, 758 (D.N.J. 2012), aff'd, 533 F. App'x 132 (3d Cir. 2013) (further citation omitted).

IV.  **DISCUSSION**

As the Court set out in a similar case, Cottrell v. Recreation Ctr. LLC, No. 13-2847, 2016 WL 1717577, at *1 (D.N.J. Apr. 28, 2016), Plaintiffs have filed many cases in this Court based on

---

[2] The Third Circuit has held that even if 28 U.S.C. § 1927 does not apply to pro se litigants, sanctions may be imposed on pro se litigants through the court's inherent powers.  Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc., 110 F. App'x 283, 287 (3d Cir. 2004) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 48 (1991)).

6

their assessment and documentation of alleged parking violations in public places. After documenting violations, they bring federal complaints in this Court, which are generally resolved in the defendant's favor or settled. See Cottrell, et al. v. Good Wheels, et al., No. 08-1738 (summary judgment granted for Defendants where Plaintiffs offered no evidence that Defendants' decision to ban Plaintiffs from business premises for disrupting customers was pretextual); Cottrell, et al. v. Rowan Univ., et al., No. 08-1171 (summary judgment granted for Defendants on Plaintiffs' retaliation claims (and all other claims) because they did not show their ban from campus was a result of their protected activity, rather ban from campus was based on ten documented incidents over the course of three months where Plaintiffs acted hostile, harassing, disruptive, and aggressive to Rowan University staff, students, and visitors, including a nine-year-old child, a diabetic pregnant woman, and a student with spinal meningitis); Cottrell, et al. v. Heritages Dairy Stores Inc., No. 09-1743 (case settled after retaliation claims were dismissed for lack of standing; Plaintiffs permitted to amend complaint); Cottrell, et al. v. Bob's Little Sport Shop, Inc., No. 09-1987 (Defendant's motion to dismiss granted because Plaintiffs lacked standing); Cottrell, et al. v. Duffield's Inc., et al., No. 14-3309 (stipulated dismissal); Cottrell, et al., v. Murphy's Auto Care and Performance Ctr., et al., No. 14-

4831 (complaint dismissed in part because Plaintiffs lacked standing); Cottrell, et al. v. Glassboro Public School, No. 06-1163 (case administratively terminated); Cottrell, et al. v. Dante J. Masso & Sons, Inc., 08-1700 (case settled); Cottrell, et al. v. Long Self Storage Inc., et al., No. 08-2827 (case settled); Cottrell, et al. v. Zagami, LLC, et al., No. 08-3340 (summary judgment granted for Defendants because Plaintiffs' disruption of business operations was the reason for the property ban and Plaintiffs could not establish the causal connection prong of their retaliation claims; summary judgment also granted because Plaintiffs lacked standing); Cottrell, et al. v. J&R Discount Liquor Gallery, No. 08-5418 (case settled); Cottrell v. Woodbury Nissan, et al., No. 09-240 (case settled); Cottrell, et al. v. Matt Blatt, Inc., No. 11-610 (case settled); Cottrell, et al. v. Fosters, et al., No. 11-6662 (case settled); Cottrell, et al. v. Norman, et al., No. 12-1986 (case dismissed, among other reasons, for lack of standing; motion for sanctions against Plaintiffs pending); Holland v. Deptford Mall Security, et al., No. 09-714 (summary judgment granted for Defendants because they did not ban Plaintiff from the mall, rather, police asked Plaintiff to leave); Holland v. Terra Nova, et al., No. 06-4599 (summary judgment *sua sponte* entered in favor of Defendants); Holland v. Murphy's Auto Care and Performance

Center, et al., No. 14-4831 (Defendants' motion to dismiss granted because Plaintiff lacked standing).

In at least four of these cases, Plaintiffs' complaints were similarly dismissed for lack of standing.  See Cottrell, et al. v. Heritages Dairy Stores Inc., No. 09-1743; Cottrell, et al. v. Bob's Little Sport Shop, Inc., No. 09-1987; Cottrell, et al., v. Murphy's Auto Care and Performance Ctr., et al., No. 14-4831; Cottrell, et al. v. Zagami, LLC, et al., No. 08-334.

While we do not charge a layman with a sophisticated understanding of complex legal issues, here, the time has long passed that Plaintiffs could claim ignorance of the standard the Court will apply in determining their ability to bring claims on their own behalf.  It follows then that the number of cases Plaintiffs have brought and lost raises questions of harassment and malice.  The wide variety of defendants Plaintiffs sue motivated by their purported defense of the disabled has resulted in overzealous advocacy which asserts claims outside the legal bounds of disability law.

Against this backdrop, and by a thin margin, the Court declines to award sanctions in this particular case under Rule 11 or statute.  That does not mean that if Plaintiffs continue to file frivolous complaints, particularly when they lack standing, the time will not arise that this Court feels differently.  At this juncture, the Court declines to impose

9

sanctions, but Plaintiffs are placed on notice that future violations of Fed. R. Civ. P. 11 or Title 28 U.S.C. § 1927[3] found by the Court will result in appropriate sanctions.

## V.   CONCLUSION

For the reasons set forth above, Norman's motion for fees and sanctions will be denied. An Order consistent with this Opinion will be entered.

Dated: July 21, 2016                 __s/ Noel L. Hillman_____
                                     NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[3] The Third Circuit has held that even if 28 U.S.C. § 1927 does not apply to pro se litigants, sanctions may be imposed on pro se litigants through the court's inherent powers. Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc., 110 F. App'x 283, 287 (3d Cir. 2004) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 48 (1991)).

10